BATTEY, In re. See Case No. 14,169.

BATTIE v. TAGGERT. See Case No. 1,107.

═══════

## Case No. 1,108.

### BATTIN v. BIGELOW.

[Pet. C. C. 452.] [1]

Circuit Court, D. New Jersey. Oct. Term, 1817.

EJECTMENT—MESNE PROFITS—NOTICE TO DEFENDANT—ACKNOWLEDGMENT—AGE OF FEME COVERT—PRESUMPTION.

1. The plaintiff in an action of ejectment may recover mesne profits, on giving notice to the defendant that he means to proceed for them.

2. Where the certificate of a magistrate who took the privy examination of a feme covert, does not state that she was of the age of twenty-one years, the presumption is that the person examined was of full age until the contrary is shown by proof.

3. The grantor of land is presumed to be alive, until the contrary appear.

At law. Ejectment for five-ninths of a tract of land. Upon the death of Jacob

Browning, who died seized of the tract of land in question, it descended to his three sons and three daughters. The title of the lessor of the plaintiff is derived under deeds from one of the sons, and from the daughters and their husbands. The plaintiff, after proving notice to the defendant that he should in this action claim mesne profits from the time of the demise laid in the declaration, proceeded to prove the value of the same.

It was objected by the defendant, that the plaintiff could not recover mesne profits in this action, or any thing more than nominal damages.

BY THE COURT. It is true, that in practice the plaintiff in ejectment only goes for nominal damages, and follows up his judgment in that action by an action of trespass to recover the value of the mesne profits. But if to avoid the expense of two actions, he chooses to proceed for mesne profits in the action of ejectment, there is no legal reason to prevent him from recovering them. The objection of surprise upon the defendant is removed by the notice to him that the mesne profits would be claimed.

The defendant acknowledged that he had no title at law, but he objected to the plaintiff's title on the following grounds: First, that the certificates of the magistrate who took the privy examination of the feme coverts, to two of the deeds under which the plaintiff claims title, do not state that they, the feme coverts, were of the age of twenty-one. Second, that the certificates do not state that the feme coverts acknowledged that they executed the deeds voluntarily, or that the examinations were taken privately. They merely state that they were examined apart from their husbands, and that they acknowledged that they executed the deeds freely, without any fear, threats, or compulsion of their husbands. Whereas the law of New Jersey requires, that the feme covert should acknowledge, on a private examination apart from her husband, that she executed the deed as her voluntary act, freely, &c.

WASHINGTON, Circuit Justice, delivered the opinion.

As to the first objection, there is nothing in it. The presumption is that the feme coverts were of full age, until the contrary is proved. It is a matter of defence if they were under age, and must be proved if the defendant would avail himself of the fact to defeat the conveyance.

As to the second objection, the court is of opinion that the omission of the word "voluntarily," is substantially supplied by the expressions that "she freely executed the deed, without the threats, &c. of her husband."

There is more difficulty in the other objection, and the court forbears giving an opinion

─────────

[1] [Reported by Richard Peters, Jr., Esq.]

upon it, being satisfied that. though upon a critical construction of the law, the examination must be private as well as apart from the husband, still the husbands were entitled to freehold estates in the lands of their wives and might convey the same without their wives, upon which titles the lessor of the plaintiff may recover in this ejectment. It is true that no evidence was given that the husbands are still living, but this must be presumed till the contrary is proved.

The jury found a verdict for five-ninths of the land, and the mesne profits in damages. An exception was taken to the last opinion.